[Cite as *State v. Cochran*, 2017-Ohio-1528.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-491 |
| v. | : | (C.P.C. No. 10CR-1333) |
| Gianna Y. Cochran, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on April 25, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher*.

**On brief:** *Kura, Wilford & Schregardus Co., L.P.A.*, *Barry W. Wilford* and *Sarah M. Schregardus*, for appellant. **Argued:** *Barry W. Wilford*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Gianna Y. Cochran, appeals from a resentencing entry entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm the trial court's entry.

## I. Factual and Procedural Background

{¶ 2} This is the fourth time that this matter has been before this court. In short, appellant was convicted of 12 counts of endangering children and sentenced accordingly. *See State v. Cochran*, 10th Dist. No. 14AP-447, 2015-Ohio-1102 (*Cochran* III). In

*Cochran* III, this court reversed the trial court's sentence for one of appellant's offenses ("Count 2") and remanded the matter for the trial court to resentence her on that count only. *Id.* at ¶ 24. On remand, the trial court did just that. Although appellant's counsel sought resentencing on other counts, the trial court complied with this court's mandate and only resentenced appellant for Count 2.

## II. Appellant's Appeal

{¶ 3} Appellant appeals from that resentencing and assigns the following error:

The trial court imposed a sentence that is contrary to law.

{¶ 4} In her lone assignment of error, appellant does not challenge the trial court's sentence it imposed for Count 2. Instead, she challenges the sentences the trial court previously imposed on other counts and refused to change on remand. Her argument is identical to the one she previously asserted in *Cochran* III, where we considered and rejected the argument. *Cochran* III at ¶ 15-22.

{¶ 5} The trial court did not err by only sentencing appellant for Count 2 on remand. First, this court in *Cochran* III specifically instructed the trial court to only resentence appellant on Count 2. Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. *Allen v. Bennett*, 9th Dist. No. 25252, 2011-Ohio-1210, ¶ 12, citing *Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), syllabus; *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 13; *State v. Aliane*, 10th Dist. No. 03AP-881, 2004-Ohio-3698, ¶ 16 ("In accordance with the law of the case doctrine, a trial court has no discretion to disregard the mandate of a reviewing court and no authority to extend or vary the mandate given."); *Columbus v. Hayes*, 68 Ohio App.3d 184, 186 (10th Dist.1990) ("When a case is remanded to a trial court from an appellate court, the mandate of the appellate court must be followed."). Thus, the trial court properly limited the resentencing hearing to comply with this court's instructions. *State v. Watkins*, 10th Dist. No. 16AP-581, 2017-Ohio-1141, ¶ 6.

{¶ 6} Additionally, this court in *Cochran* III rejected the same argument appellant made in the trial court and makes again here. The doctrine of the law of the case also provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the

trial and reviewing levels. *Meeks v. Meeks*, 10th Dist. No. 06AP-1186, 2008-Ohio-2015, ¶ 19, citing *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.*, 81 Ohio St.3d 214, 218 (1998); *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, ¶ 28. The doctrine functions to compel trial courts to follow the mandates of reviewing courts. *Nolan* at 3. Likewise, the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court. *Id.* at 4. Thus, as this court had already rejected the argument appellant made before the trial court, the trial court did not err by following this court's decision and rejecting the same argument. *See Water Works Supplies, Inc. v. Grooms Constr. Co.*, 4th Dist. No. 04CA12, 2005-Ohio-1292, ¶ 20 ("The law of the case doctrine barred the trial court from considering the arguments that we had rejected in the prior appeal.").

## III. Conclusion

{¶ 7} For these reasons, the trial court did not err by following this court's instructions and resentencing appellant on Count 2 only. Accordingly, we overrule appellant's assignment of error and affirm the resentencing entry entered by the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.