[Cite as *State v. Armengau*, 2018-Ohio-4299.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-852 |
| v. | : | (C.P.C. No. 13CR-2217) |
| Javier H. Armengau, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

### D E C I S I O N

### Rendered on October 23, 2018

**On brief:** *Michael DeWine*, Attorney General, and *Matthew J. Donahue*, for appellee.

**On brief:** *Javier H. Armengau*, pro se.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Javier H. Armengau, appeals a judgment of the Franklin County Court of Common Pleas denying his combined motion for reconsideration of the trial court judgment denying his first motion for leave to file a delayed motion for new trial and second motion for leave to file a motion for delayed new trial, instanter. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In a prior appeal in this case, appellant sought review of the denial of his first motion for leave to file a delayed motion for new trial. *State v. Armengau*, 10th Dist. No.

16AP-355, 2017-Ohio-197 ("*Armengau I*").[1]  In affirming the judgment of the trial court, this court in *Armengau I* set forth the procedural history of this case, in relevant part, as follows:

> On May 20, 2013, a Franklin County Grand Jury indicted appellant on three counts of kidnapping, three counts of gross sexual imposition, six counts of rape with specifications, five counts of sexual battery, and one count of public indecency.  At the time of the offenses, appellant was licensed to practice law in Ohio and each of his victims was either a current or former client of appellant's or a client's family member.
>
> On July 7, 2014, a Franklin County jury found appellant guilty of nine felonies and one misdemeanor.  On August 28, 2014, the trial court sentenced appellant to a prison term of 13 years.  On August 7, 2015, appellant filed a <u>Crim.R. 33(B)</u> motion for leave to file a delayed motion for new trial. Appellant supported his motion for leave with his own affidavit and the affidavit of Diane Caldwell, a former roommate of one of appellant's victims, Luz Melean.  Appellant claims that the averments in Caldwell's February 6, 2015 affidavit constitute newly discovered evidence material to his defense.  In her affidavit, Caldwell avers that Melean told her the sexual activity between she and appellant was "purely consensual."  (Caldwell Aff. at ¶ 20.)  The state opposed the motion.
>
> On April 5, 2016, the trial court denied appellant's motion for leave without an evidentiary hearing.  Appellant timely appealed to this court from the judgment of the trial court.

*Id.* at ¶ 2-4.

{¶ 3}  In *Armengau I*, we denied appellant's motion for leave to file a delayed motion for new trial based on newly discovered evidence under Crim.R. 33(A)(6), finding that appellant failed to show he was unavoidably prevented from discovering Caldwell's evidence within 120 days of the jury verdict as required by Crim.R. 33(B) and that he further failed to file his motion for leave within a reasonable time after discovering Caldwell's evidence.  *Id.* at ¶ 14, 18.  With regard to appellant's claims that he was entitled to a new trial on the grounds set forth in Crim.R. 33(A)(1), (2), and (5), we held that appellant failed to show he was unavoidably prevented from filing his motion for new trial within 14 days of the jury verdict as required by Crim.R. 33(B).  *Id.* at ¶ 29.  Accordingly, we overruled

---

[1] Appeal not accepted for review in *State v. Armengau*, 149 Ohio St.3d 1434, 2017-Ohio-4396.

appellant's sole assignment of error and held the trial court did not abuse its discretion in denying, without an evidentiary hearing, appellant's motion for leave to file a delayed motion for new trial on the grounds set forth in Crim.R. 33(A)(1), (2), (5), and (6). *Id.* at ¶ 34-35.

{¶ 4} On June 2, 2017, this court, in a majority decision, affirmed the trial court judgment in part, reversed in part, and remanded with instructions. *State v. Armengau*, 10th Dist. No. 14AP-679, 2017-Ohio-4452 ("*Armengau II*").[2] Our decision in *Armengau II* provides, in relevant part, as follows:

> In summary, appellant's first, second, fourth, fifth, sixth, seventh, and ninth assignments of error are overruled. Appellant's third and eighth assignments of error are sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for resentencing as to Counts 10, 14, 15, and 17. The court will vacate appellant's Tier III sex offender classification and apply the sex offender classification under the law in effect at the time of the offenses for which he was convicted.

*Id.* at ¶ 136.

{¶ 5} The majority decision rejected appellant's assignments of error alleging that his convictions should be reversed due to a faulty indictment, inadmissible "other acts" evidence, prosecutorial and witness misconduct, and insufficiency of the evidence. *Id.* at ¶ 67, 80, 94, 120. The majority decision sustained appellant's third assignment of error alleging the trial court erred by failing to merge two counts in the indictment for purposes of conviction and sentence and appellant's eighth assignment of error alleging the trial court erred by improperly classifying him as a Tier III sex offender. *Id.* at ¶ 129, 134.

{¶ 6} On September 19, 2017, appellant filed a motion for reconsideration of the trial court's August 7, 2015 judgment entry denying his motion for leave to file a delayed motion for new trial and, in the alternative, a second motion for leave to file a delayed motion for new trial, instanter. In other words, appellant's September 19, 2017 motion sought reconsideration of the very trial court judgment that this court affirmed in *Armengau I*. In the alternative, appellant's September 19, 2017 motion also sought leave,

---

[2] Tyack, J., dissenting. Discretionary appeal not allowed by *State v. Armengau*, 151 Ohio St.3d 1511, 2018-Ohio-365.

for the second time, to file a motion for delayed new trial on the grounds set forth in Crim.R. 33(A)(1) through (6).

{¶ 7} On November 6, 2017, the trial court denied appellant's motion on finding that appellant "cites no authority, nor is this Court aware of any, that would permit this Court to set aside and effectively overrule the judgment of the Tenth District Court of Appeals." (Decision and Entry at 1-2.) The trial court further found that appellant did not file his second motion for leave within a reasonable time after allegedly discovering the new evidence and that appellant "fail[ed] to show, by clear and convincing evidence, * * * that he could not have discovered the new evidence with reasonable diligence or that he was unavoidably prevented from timely filing his Motion for Leave." (Decision and Entry at 2.)

{¶ 8} Appellant timely appealed to this court from the trial court decision.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant assigns the following as trial court error:

[1.] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF HIS MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL AND THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL IN VIOLATION OF APPELLANT'S RIGHTS TO DUE PROCESS, JURY UNANIMITY AND DOUBLE JEOPARD PROTECTIONS AS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION WHEN THE APPELLATE COURT CONFIRMED THAT APPELLANT WAS CONVICTED FOR CRIMES FOR WHICH HE WAS NEVER CHARGED OR INDICTED AND WHERE HIS CONVICTIONS WERE BASED ON INSUFFICIENT EVIDENCE AND PROSECUTORIAL MISCONDUCT THAT WAS CONFIRMED TO BE BLATANT AND SERIOUS AND WHERE THE AMENDMENTS TO THE INDICTMENT WERE IMPERMISSIBLE DENYING HIM HIS CONSTITUTIONAL RIGHT TO NOTICE OF THE SPECIFIC CHARGE AND OPPORTUNITY TO DEFEND THEREBY DENYING HIM A FUNDAMENTALLY FAIR TRIAL AS GUARANTEED BY THE UNITED STATES CONSTITUTION.

[2.] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF HIS MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL AND THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL WHEN THE APPELLATE COURT CONFIRMED THE GROUNDS AND

BASIS UNDER WHICH APPELLANT SOUGHT A NEW TRIAL IN HIS ORIGINAL MOTION INCLUDING THE ADMISSION OF UNFAIRLY PREJUDICIAL AND IRRELEVANT EVIDENCE IN VIOLAITON OF EVID. R. 404(B) AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.

[3.] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF HIS MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL AND THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE APPELLATE COURT CONFIRMED APPELLANT WAS CONVICTED IN THE ABSENCE OF SUFFICIENT EVIDENCE IN COUNTS 3, 8, 10, 14, 15, 16, 17 AND 18 OF THE INDICTMENT.

## III.  STANDARD OF REVIEW

{¶ 10} Ordinarily, "[i]n considering a trial court's denial of a motion for leave to file a motion for new trial, this court employs an abuse of discretion standard." *State v. Anderson*, 10th Dist. No. 13AP-831, 2014-Ohio-1849, ¶ 7, citing *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 9. However, where the movant files a motion for leave to file a motion for new trial after judgment of conviction and sentence has been affirmed on appeal, the question arises whether the trial court retains jurisdiction to hear and determine the motion. *See, e.g.*, *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028; *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986; *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978). In such cases, this court is presented with an issue of law that we review de novo. *Giancola v. Azem*, __ Ohio St.3d __, 2018-Ohio-1694, ¶ 13 (slip opinion), citing *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 17; *State v. Andrioff*, 10th Dist. No. 84AP-502 (Mar. 7, 1985).

## IV.  LEGAL ANALYSIS

### A. Appellant's Assignments of Error

{¶ 11} In each of appellant's assignments of error, appellant argues that our decision in *Armengau II* provides support for the arguments appellant made on the merits of his original delayed motion for new trial. Accordingly, appellant claims the trial court erred

when it overruled his motion for reconsideration of his original motion for leave to file a delayed motion for new trial.  Appellant makes the same argument in support of his second motion for leave to file a delayed motion for new trial, instanter.  Plaintiff-appellee, State of Ohio, argues that res judicata barred both appellant's motion for reconsideration and his second motion for leave to file a motion for delayed new trial.  Because our analysis is the same for each of appellant's assignments of error, we will consider them jointly.

{¶ 12}  Crim.R. 33 permits a trial court to grant a new trial under the following relevant circumstances:

> (A) Grounds.  A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> (1)  Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
>
> * * *
>
> (5)  Error of law occurring at the trial;
>
> (6)  When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial.  When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
>
> (B) Motion for new trial; Form, Time.  Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was

> unavoidably prevented from filing his motion for a new trial
> * * *.
>
> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 13} The threshold question for this court in reviewing the denial of appellant's combined motion for reconsideration and second motion for leave to file a delayed motion for new trial is whether the trial court retained jurisdiction to hear and determine the motion after this court affirmed the judgment of conviction and sentence in *Armengau II.* For the reasons that follow, we conclude the trial court lacked jurisdiction to consider appellant's motion.

{¶ 14} In *Special Prosecutors*, the trial court granted a defendant's motion to withdraw a guilty plea after a conviction and sentence based on the plea had been affirmed on appeal. After a trial date had been set, the Supreme Court of Ohio granted a writ of prohibition to prevent the trial from proceeding. The Supreme Court stated: "[T]he trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea. The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment. Accordingly, we find that the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision." *Id.* at 97.

{¶ 15} Relying on *Special Prosecutors*, this court in *Andrioff* concluded the trial court did not retain jurisdiction to hear and determine appellant's motion for new trial brought pursuant to Crim.R. 33(A)(1) through (5) after this court had affirmed the judgment of conviction and sentence. In reaching its conclusion, this court stated:

> Defendant could have simply filed a motion for a new trial under Crim. R. 33(A)(1) through (5). However, he chose to file a notice of appeal pursuant to App. R. 4(B) and Crim. R. 33(F), and advanced four assignments of error: that the verdict was against the manifest weight of the evidence and was contrary to law; that he had ineffective assistance of counsel; evidentiary rulings of the court; and his sentencing. Whereupon, all assignments of error were overruled and the judgment affirmed.
>
> Thus, defendant elected to appeal his conviction. He advanced several issues which could have properly been the subject of a new trial within Crim. R. 33(A)(1) through (5). Since he elected to appeal, he cannot, in effect, relitigate the case in the trial court. *Although the trial court retains jurisdiction over issues not inconsistent with the appellate court to review, modify, affirm or reverse a judgment, it does not regain jurisdiction over matters subject to the appeal in the absence of a reversal and remand by the appellate court. State, ex rel. Special Prosecutors, v. Judges* (1978), 55 Ohio St. 2d 94.

(Emphasis added.) *Id.*

{¶ 16} In *Davis*, the Supreme Court addressed whether, in light of *Special Prosecutors,* a trial court retains jurisdiction to hear and determine a Crim.R. 33(A)(6) motion for new trial based on newly discovered evidence after a conviction has been affirmed in the direct appeal. The Supreme Court held that a trial court retains jurisdiction to hear and determine a Crim.R. 33(A)(6) motion when it raises issues that could not have been raised in the direct appeal because resolution of those issues depended on evidence outside the record in that appeal. *Id.* at ¶ 34, 37.

{¶ 17} In *Davis*, appellee argued in the alternative that even if the trial court retained jurisdiction to hear and determine a Crim.R. 33 motion for new trial after the judgment and conviction was affirmed on appeal, the law of the case doctrine would present a bar to relief. The *Davis* court noted:

> The law-of-the-case doctrine holds that "the decision of a reviewing court in a case remains the law of that case *on the legal questions involved* for all subsequent proceedings in the case at both the trial and reviewing levels." (Emphasis added) *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410. This doctrine prevents a litigant from relying on arguments at retrial that were fully litigated, or could have been fully litigated, in a first appeal. See *Hubbard ex rel. Creed v.*

> *Sauline* (1996), 74 Ohio St.3d 402, 404-405, 1996 Ohio 174,
> 659 N.E.2d 781.

*Id.* at ¶ 30.

{¶ 18} In rejecting appellee's contention that the law of the case doctrine presented a bar to appellant's Crim.R. 33(A)(6) motion, based on newly discovered evidence, the court in *Davis* noted the law of the case doctrine would not prevent a trial court from considering a new trial motion after the judgment of conviction and sentence was affirmed on appeal where the motion was "based on newly discovered evidence when the specific issue has not been decided upon direct appeal." *Id.* at ¶ 37.

{¶ 19} Though appellant allegedly grounded his second motion for leave to file a delayed motion for new trial in part on newly discovered evidence, pursuant to Crim.R. 33(A)(6), appellant did not produce any newly discovered evidence to support the motion. Rather, appellant presented the same affidavit from Caldwell that he presented in his original motion for leave to file a motion for delayed appeal and made the same arguments in support of his second motion that he made in his original motion. For example, appellant once again argues that his convictions were the result of prosecutorial and witness misconduct, that his convictions were not supported by sufficient evidence, that his convictions were based on inadmissible "other acts" evidence, and that the indictment was faulty. These are the same arguments appellant raised in his original motion for leave to file a motion for delayed new trial and the same arguments he raised in his appeal to this court from the judgment of conviction and sentence. *Armengau II* at ¶ 53. As we noted in *Armengau I*, such arguments are grounded on Crim.R. 33(A)(1), (2), and (5), not Crim.R. 33(A)(6).

{¶ 20} Accordingly, pursuant to the decisions of the Supreme Court in *Davis* and *Special Prosecutors* and the decision of this court in *Andrioff*, the trial court was divested of jurisdiction to hear and determine both appellant's motion for reconsideration of his first motion for leave to file a delayed motion for new trial and his second motion for leave to file a delayed motion for new trial after this court affirmed the judgment of conviction and sentence on appeal. To the extent appellant claims that either the majority or the dissenting opinion in *Armengau II* constitutes newly discovered evidence in support of his second motion for new trial, appellant has cited no case law in support of such a claim and this court has found none. Moreover, the majority decision of this court in *Armengau II*

overruled appellant's assignments of error alleging prosecutorial and witness misconduct, insufficiency of evidence, inadmissible "other acts" evidence, and a faulty indictment.[3] As noted above, the remand order in *Armengau II* was limited to resentencing as to certain counts and redetermining appellant's sex offender status. In our opinion, the trial court never regained jurisdiction to alter or amend the judgment entry of conviction in the manner sought by appellant's motion for reconsideration or his second motion for leave to file a motion for new trial. *See Cordray* at ¶ 25 (the lower court "patently and unambiguously lacked jurisdiction to grant a motion for relief from a murder conviction and sentence based on claims that had previously been rejected by the court of appeals in an appeal in the same case").

{¶ 21} Moreover, even if we were to agree with appellant that the dissenting opinion in *Armengau II* supports the grounds for a new trial alleged in appellant's proposed motions for new trial, the law of the case doctrine and our decision in *Armengau I* bar appellant from raising these claims. In *Armengau I*, we denied appellant leave to file an untimely motion for new trial on the grounds set forth in Crim.R. 33(A)(1), (2), and (5) on finding appellant failed to show that he was unavoidably prevented from filing his motion for new trial within 14 days of the jury verdict as required by Crim.R. 33(B). *Id.* at ¶ 29. We denied his motion for leave to file an untimely motion for new trial on the grounds of newly discovered evidence, pursuant to Crim.R. 33(A)(6), on finding appellant failed to show that he was unavoidably prevented from discovering Caldwell's evidence within 120 days of the jury verdict as required by Crim.R. 33(B) and that he further failed to file his motion for leave within a reasonable time after discovering Caldwell's evidence. In *Armengau I*, this court never reached the merits of appellant's new trial motion because we agreed with the trial court that appellant failed to satisfy the requirements for leave under Crim.R. 33(B). Our holding in *Armengau I* remained the law of the case for purposes of appellant's motion for reconsideration and second motion for leave to file a delayed motion for new trial.

---

[3] The dissenting opinion would have sustained appellant's second assignment of error, reversed appellant's convictions, and remanded the matter for a new trial. Appellant's second assignment of error alleged:

> [Appellant's] rights to due process and a fair trial were violated when the trial court allowed the State to present irrelevant, cumulative, overly prejudicial evidence about prior bad acts through additional non-victim witnesses, whose testimony also violated the Ohio Rape Shield Statute, as well as testimony of hundreds of unindicted offenses.

*Davis. See also State v. Cochran*, 10th Dist. No. 16AP-491, 2017-Ohio-1528, ¶ 5 ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.").  The fact the dissenting opinion in *Armengau II* arguably supports the grounds for new trial appellant asserted under Crim.R. 33(A)(1) through (5) does not alter our conclusion in *Armengau I* that appellant's motion asserting those grounds was untimely filed, and appellant failed to demonstrate compliance with Crim.R. 33(B).  The only "newly discovered" evidence cited by appellant in his combined motion for reconsideration and second motion for leave to file a motion for new trial was the Caldwell affidavit.  Appellant presented nothing to excuse his untimeliness that this court had not already considered in *Armengau I*.

{¶ 22} For the foregoing reasons, we hold the trial court did not err when it denied appellant's motion seeking reconsideration of his original motion for leave to file a delayed motion for new trial and his alternative second motion for leave to file a motion for delayed new trial.  Accordingly, we overrule appellant's assignments of error.

## V. CONCLUSION

{¶ 23} Having overruled each of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and KLATT, J., concur.

_____