The STATE of Ohio, Appellee,

v.

SHAW, Appellant.

[Cite as *State v. Shaw* (1999), 134 Ohio App.3d 316.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 98–CA–122.

Decided Oct. 8, 1999.

*Michael A. Mayer,* Greene County Prosecuting Attorney, for appellee.

*J. Allen Wilmes,* for appellant.

FAIN, Judge.

Defendant-appellant, David Frederick Shaw, appeals from his conviction and sentence for sexual imposition, unlawful restraint, and assault. He claims that the conviction must be reversed because the state failed to establish venue and because the prosecutor acted improperly. From our review of the record, we conclude that the state failed to meet its burden of proof regarding the matter of venue, and therefore, the judgment of the trial court is reversed, and Shaw is ordered discharged.

I

Shaw was charged with sexual imposition, unlawful restraint and assault.

At trial, the victim, Janelle Addison, testified that on November 24, 1997, she went to the City Lights Grill in downtown Dayton, where she spent approximately seven hours. During that time, she drank eight or more drinks and talked to a couple of attorneys about a DUI charge pending against her. Addison and the defendant struck up a conversation at some point in the evening, at which time Shaw offered to give her a ride home. Some time thereafter, Addison and Shaw left the bar with a male friend of Shaw's and got into Shaw's van. After making several stops and dropping off the male friend, Shaw drove Addison to the trailer home where his ex-wife lived.

According to Addison, when she tried to get out of the van at the ex-wife's trailer, Shaw told her to "get back in the f— car." Addison got into the van. Shaw spoke to his ex-wife and then got back into the van. At that point, Shaw drove the van a little further and pulled over. Addison testified that she did not see anything in front of the van except a "bulldozer or something to the side." After Shaw stopped the van, he attempted to kiss Addison. He also began to touch her in the breast and pelvic areas. When Addison tried to get out of the van, Shaw pulled her back by her hair. She tried to get away a second time

when Shaw again pulled her by her hair and hit her in the face. Addison was able to get out of the vehicle on her third try because Shaw missed her hair and instead grabbed her coat, which came off. She then ran down a hill to a trailer. The owner of the trailer called 911, at which time the Greene County Sheriff's Department, as well as two paramedics from the Fairborn Fire Department, responded.

According to the testimony of the paramedics and the two sheriff's deputies, they responded to a call at the Huber Heights Trailer Court in Bath Township. The owner of the trailer, Shirley Winter, testified that she lived at the Huber Heights Trailer Court located in Bath Township. She also testified that there was an "open area" and a bulldozer approximately one hundred feet away from her trailer on the date of the incident.

A Greene County Sheriff's Deputy, Richard Bowman, also testified at trial. He testified that, initially, there was some confusion as to whether the crime occurred in Montgomery County or Greene County. According to the deputy, the Dayton Police Department initially began to investigate the crime because it was viewed as an abduction from the city of Dayton. However, when asked if the Dayton police determined that the crime occurred in Greene County, the deputy answered affirmatively, and stated that he then began an investigation.

At the conclusion of the state's evidence, Shaw made a motion to dismiss based upon his claim that the state had failed to establish venue. The trial court denied the motion. The jury found Shaw guilty on all three counts and he was sentenced accordingly. From his conviction Shaw filed this appeal.

## II

Shaw's First Assignment of Error states as follows:

"The trial court committed prejudicial error in overruling Shaw's motion to dismiss for failure to establish venue per O.R.C. 2901.12(A)."

Shaw contends that the trial court erred by failing to sustain his motion to dismiss. In support, he argues that the state failed to establish that the crime occurred in Greene County.

"R.C. 2901.12 requires a trial of a criminal case to be held in the territory where the offense or any element of the offense was committed." *State v. Norton* (Dec. 11, 1998), Greene App. No. 97 CA 112, 1998 WL 853022, unreported. "Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." *State v. Headley* (1983), 6 Ohio St.3d 475, 477, 6 OBR 526, 528, 453 N.E.2d 716, 718. "The standard of proof is beyond a reasonable doubt, although

venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case." *Id.*

In this case, the state contends that it proved venue through the testimony of Shirley Winter and Deputy Bowman. Specifically, they contend that the following testimony by Winter established that the offenses occurred in Shaw's car while parked in Huber Heights Mobile Home Park, and this established venue in Greene County:

"Q: Would you tell the ladies and gentlemen the layout of the mobile home park around your area, was there an area where there was an open space and a bulldozer about that time?

"A: Yeah, there is.

"Q: Where was that area in comparison with where you resided?

"A: First trailer past mine as you go up the hill, it's right there.

"Q: And approximately how far was the hill from your trailer?

"A: I'd say maybe a hundred, one hundred twenty-five foot."

This testimony simply does not establish, beyond a reasonable doubt, that the area where the car was parked was located in the Huber Heights Mobile Home Park. Instead, it merely shows that there was an open area and a bulldozer located near a trailer some one hundred and twenty feet away from Winter's trailer. Even when combined with Addison's testimony that she could see the bulldozer from where the car was parked, the evidence does not establish whether the specific spot where the car was parked was in Greene County. The testimony, at most, established that the offense took place somewhere in the vicinity of the mobile home park.

The state next contends that the testimony of Deputy Bowman, wherein he admitted upon questioning that the Dayton police determined that the offense took place in Greene County, establishes venue. This testimony was clearly hearsay insofar as it attempted to prove that the offense took place in Greene County. However, it was admissible for a limited purpose: to establish the reason why the Dayton police stopped their investigation and why the Greene County Sheriff's Department continued to investigate. This evidence was not admissible for the purpose of proving venue.[1]

We note that we have previously held that testimony that a particular locality's police department investigated the alleged crime may be sufficient to establish

---

1. Although Shaw did not object to this line of testimony, he did not thereby concede that Brown's statement was admissible on the issue of venue, since the statement was admissible for another purpose, and was therefore not subject to a proper objection.

venue. See *State v. Norton* (Dec. 11, 1998), Greene App. No. 97 CA 112, unreported. However, in that case, the crime occurred at the location to which the police department responded. *Id.* Here, the Greene County Sheriff's Department and Fire Department responded to a site that was not alleged to be the location of the commission of the offense.

We find Shaw's argument well taken. Accordingly, the First Assignment of Error is sustained.

## III

Shaw's Second Assignment of Error states:

"Appellant was denied effective assistance of counsel when his trial attorney failed to object to improper prejudicial statements made in closing argument."

 Shaw contends that he was denied a fair trial due to prosecutorial misconduct in the closing argument, and that his trial counsel was ineffective for having failed to object. The prosecutor's comments concerning the complaining witness's credibility were, at worst, near the boundary between fair comment upon the evidence and impermissible bolstering of a witness's credibility. Defense counsel may well have concluded that an objection to this line of argument would merely have called undue attention to it in the minds of the jury, by suggesting that it was especially harmful to the defense of the case. In our view, even if an objection lay to this line of argument, it was not ineffective assistance of counsel for defense counsel to have concluded that an objection might do more harm than good.

Shaw's Second Assignment of Error is overruled.

## IV

Shaw's First Assignment of Error having been sustained, the judgment of the trial court is reversed, and Shaw is ordered discharged.

*Judgment reversed.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.