The STATE of Ohio, Appellant,

v.

ANDREWS, Appellee.

[Cite as *State v. Andrews,* 148 Ohio App.3d 92, 2002-Ohio-787.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–975.

Decided Feb. 26, 2002.

Betty D. Montgomery, Attorney General, Kirk A. Lindsey and Cynthia N. Callender, Assistant Attorneys General, for appellant.

Yeura R. Venters, Franklin County Public Defender, and Allen V. Adair, Assistant Public Defender, for appellee.

---

BROWN, Judge.

{¶ 1} The state of Ohio, plaintiff-appellant, appeals from a decision of the Franklin County Court of Common Pleas, which granted a motion to dismiss in favor of Titus Andrews, defendant-appellee.

{¶ 2} On December 21, 2000, appellee was indicted by a grand jury for two counts of workers' compensation fraud pursuant to R.C. 2913.48. The indictment alleged:

{¶ 3} "[O]n or about January 12, 1996 to on or about June 30, 1996, [appellee] in Franklin County, Ohio, with purpose to defraud, or knowing that he was facilitating a fraud, did receive workers' compensation benefits to which he was not entitled, and/or did make or present, or cause to be made or presented a false or misleading statement with the purpose to secure payment for goods or services rendered * * * or to secure workers' compensation benefits, and/or did alter, falsify, destroy, conceal, or remove any record or document, to-wit: requests for temporary total disability benefits that are necessary to fully establish the validity of any claim filed * * *."

{¶ 4} Count two of the indictment similarly alleged that appellee "with purpose to defraud, or knowing that he was facilitating a fraud, did receive workers' compensation benefits to which he was not entitled" from July 1, 1996 to December 9, 1997.

{¶ 5} On May 11, 2001, appellee filed a motion to dismiss pursuant to Crim.R. 12(B)(2). Appellee argued in his motion:

{¶ 6} "During the periods of alleged unlawful activity the [appellee] resided in Hamilton County, Ohio; in fact, he continues to reside in Hamilton County. All of the contacts that the [appellee] made to procure workers' compensation benefits were made in Hamilton County. Equally self-evident is that any alleged wrongdoing occurred in Hamilton County, not Franklin County, therefore venue here is not proper."

{¶ 7} On July 23, 2001, the trial court granted appellee's motion to dismiss, finding that Franklin County was not the proper venue. Appellant appeals this decision and presents the following two assignments of error:

{¶ 8} "I. The trial court erred when it looked beyond the face of the indictment in ruling on a motion to dismiss under Criminal Rule 12(B)(2).

{¶ 9} "II. The trial court erred when it ruled that Franklin County is not a proper venue for the prosecution of this workers' compensation fraud case."

{¶ 10} Appellant argues in its second assignment of error the trial court erred when it found Franklin County is not a proper venue in the present case. Appellant claims that the special venue provisions of R.C. 2901.12(C) apply because it permits an offender to be tried in any jurisdiction from which the property was taken. Appellant contends that before appellee illegally received $32,507.32 in workers' compensation funds, "that property was located exclusively in Franklin County in the State's insurance fund, administered by the [Bureau of Workers' Compensation] here. This fact, standing alone, makes venue in Franklin County proper for [appellee's] prosecution as a matter of law."

{¶ 11} Section 10, Article I, Ohio Constitution provides that a person accused of a crime shall be tried "by an impartial jury of the county in which the offense is alleged to have been committed." R.C. 2901.12 states in part:

{¶ 12} "(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed.

{¶ 13} "* * *

{¶ 14} "(C) When the offense involved the unlawful taking or receiving of property or the unlawful taking or enticing of another, the offender may be tried in any jurisdiction from which or into which the property or victim was taken, received, or enticed.

{¶ 15} "* * *

{¶ 16} "(G) When it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any of those jurisdictions.

{¶ 17} "(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. * * *

{¶ 18} "* * *

{¶ 19} "(K) Notwithstanding any other requirement for the place of trial, venue may be changed, upon motion of the prosecution, the defense, or the court, to any court having jurisdiction of the subject matter outside the county in which trial otherwise would be held, when it appears that a fair and impartial trial cannot be held in the jurisdiction in which trial otherwise would be held, or when it appears that trial should be held in another jurisdiction for the convenience of the parties and in the interests of justice."

{¶ 20}   Venue is not a material element of any crime but is a fact that must be proven beyond a reasonable doubt unless the defendant waives it.   *State v. Brothers* (Dec. 14, 2001), Trumbull App. No. 2000–T–0085, 2001 WL 1602692. Since venue is neither a jurisdictional nor a material element of a criminal offense, the indictment is required to contain only an allegation that the offense was committed within the jurisdiction of the court.   *State v. Henderson* (Sept. 29, 2000), Trumbull App. No. 99–T–0001, 2000 WL 1459858.   "Because venue is not an element of the offense, the indictment need only state in general terms that the court has jurisdiction of the subject matter and · that the offense was committed in the territory encompassed by the court."   *State v. Bragg* (Sept. 5, 1996), Cuyahoga App. No. 70461, 1996 WL 502142.   See, also, *State v. Wilcox* (Dec. 20, 1996), Trumbull App. No. 96–T–5441, 1996 WL 760909, following *Knight v. State* (1896), 54 Ohio St. 365, 375, 43 N.E. 995.   However, a defendant's conviction may be reversed on appeal if the defendant objected during the trial and insufficient evidence was presented supporting venue in the trial court during the defendant's trial.   *State v. Shaw* (1999), 134 Ohio App.3d 316, 319–320, 730 N.E.2d 1075.

{¶ 21}   In the present case, appellee was accused of workers' compensation fraud, a violation of R.C. 2913.48, which states:

{¶ 22}   "(A)  No person, with purpose to defraud or knowing that the person is facilitating a fraud shall do any of the following:

{¶ 23}   "(1)  Receive workers' compensation benefits to which the person is not entitled;

{¶ 24}   "(2)  Make or present or cause to be made or presented a false or misleading statement with the purpose to secure payment for goods or services rendered under Chapter 4121., 4123., 4127., or 4131. of the Revised Code or to secure workers' compensation benefits;

{¶ 25}   "(3)  Alter, falsify, destroy, conceal, or remove any record or document that is necessary to fully establish the validity of any claim filed with, or necessary to establish the nature and validity of all goods and services for which reimbursement or payment was received or is requested from, the bureau of workers' compensation, or a self-insuring employer under Chapter 4121., 4123., 4127., or 4131. of the Revised Code;

{¶ 26}   "(4)  Enter into an agreement or conspiracy to defraud the bureau or a self-insuring employer by making or presenting or causing to be made or presented a false claim for workers' compensation benefits."

{¶ 27}   A review of the indictment shows that part of the offense occurred "in Franklin County, Ohio."  Therefore, we find that the indictment contained a sufficient allegation that the offense was committed within the geographical

jurisdiction of the court to defeat a motion to dismiss based upon improper venue. Appellant's second assignment of error is sustained.

{¶ 28} We note that appellee argues that venue was proper in Hamilton County, Ohio, stating in his appellate brief:

{¶ 29} "If equity, as opposed to statutes and constitutional provisions, dictated where this case should be tried, clearly Cincinnati [Hamilton County, Ohio] is the proper venue. Those out of work due to injury are likely to be indigent. For out of county defendants, travel to the capital and overnight accommodations are expensive. Public transportation is limited. Inconvenience and expense are compounded when defense witnesses must also travel to Franklin County. If, as is likely, the defendant is disabled to some degree, the hardship is even greater. Out of county residents face difficulty in proving themselves good risks for favorable bond. If they are not, or if they are taken into custody for failure to appear, it is the citizens of Franklin County that bear the expense of holding them in jail, and providing medical care during incarceration."

{¶ 30} R.C. 2901.12(K) states in part that "venue may be changed, upon motion of * * * the defense, or the court, to any court having jurisdiction of the subject matter outside the county in which trial otherwise would be held * * * when it appears that trial should be held in another jurisdiction for the convenience of the parties and in the interests of justice." See, also, Crim.R. 18(B). A change of venue rests largely in the discretion of the trial court and will not be overturned unless it is clearly shown that the trial court abused its discretion. *State v. Coley* (2001), 93 Ohio St.3d 253, 258, 754 N.E.2d 1129. In the present case, removal is not at issue. The only issue before this court is whether the trial court erred when it dismissed the present case.

{¶ 31} Accordingly, we find that the trial court erred when it sustained appellee's motion to dismiss. Because we sustained appellant's second assignment of error, we need not address appellant's first assignment of error because the issues raised in it are moot. See App.R. 12(A)(1)(c). Therefore, the judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

DESHLER and BOWMAN, JJ., concur.