DECISION
The State of Ohio, plaintiff-appellant, appeals a decision by the Franklin County Court of Common Pleas, which granted a motion for judgment of acquittal in favor of Ray Singleton, defendant-appellee.
On May 18, 2000, appellee was indicted by a grand jury for two counts of workers' compensation fraud pursuant to R.C. 2913.48. The indictment alleged that "on or about September 1, 1995 to on or about June 30, 1996, [appellee] in Franklin County, Ohio, with purpose to defraud, or knowing that he was facilitating a fraud, did receive workers' compensation benefits to which he was not entitled." Count two of the indictment alleged that appellee "with purpose to defraud, or knowing that he was facilitating a fraud, did receive workers' compensation benefits to which he was not entitled, and/or did make or present, or cause to be made or presented a false or misleading statement with the purpose to secure payment for goods or services * * * or to secure workers' compensation benefits * * *."
On March 5, 2001, appellant presented an opening statement for appellee's trial. The prosecutor stated that appellee had been illegally receiving workers' compensation benefits "because the Ohio Bureau of Workers' Compensation located here in Franklin County, Ohio, believed that work-related injuries prevented him from working." In his opening statement, appellee's counsel stated:
 I believe the testimony will show in this, also, an interesting fact and one of the elements. [Appellee] has never been in Franklin County in his life until he drove up here for the arraignment with me. Any document that he ever filed in his workers' compensation case was filed in Montgomery County, Ohio. The alleged incident occurred in Montgomery County, Ohio, where they say that he worked. All his hearings on his workers' compensation happened in Montgomery County, Ohio. This will raise an issue in regard to venue, which the court will need to consider.
Before any witnesses were called, the court took a lunch recess and researched the issue of venue. After the recess, the parties discussed whether the facts that would be presented in the case supported a finding of venue in Franklin County, Ohio. In a hearing held on April 23, 2001, appellee made an oral motion to have the case dismissed. The trial court granted the motion "based upon the lack of venue in Franklin County." On May 1, 2001, the court filed a journal entry "granting the [appellee's] motion for judgment of acquittal" and a decision giving its reasoning for the journal entry. Appellant appeals the May 1, 2001 judgment of the trial court, and presents the following two assignments of error:
 I. THE TRIAL COURT ERRED IN ENTERING A "JUDGMENT OF ACQUITTAL" WHEN RULING SOLELY ON VENUE BEFORE JEOPARDY HAD ATTACHED.
 II. THE TRIAL COURT ERRED IN FINDING THAT FRANKLIN COUNTY IS NOT A PROPER VENUE FOR THE PROSECUTION OF THIS WORKERS' COMPENSATION FRAUD CASE.
Appellant argues in its first assignment of error the trial court erred when it entered a judgment of acquittal. Appellant contends the trial court improperly converted appellee's motion to dismiss into a judgment of acquittal.
Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, no evidence had been presented against appellee at the time the court acquitted him.
 When a defendant in a criminal action files a motion for acquittal pursuant to Crim.R. 29 during pretrial and which goes beyond the face of the indictment, he is essentially moving for summary judgment. First, we note that a motion for acquittal, pursuant to Crim.R. 29(A), can be made only "after the evidence on either side is closed." Moreover, "[t]he Ohio Civil Rules of Criminal Procedure do not allow for `summary judgment' on an indictment prior to trial." State v. Khalaf (June 7, 2000), Summit App. No. 19839, unreported, quoting Crim.R. 29(A) and State v. Varner (1991), 81 Ohio App.3d 85, 86.
In the present case, no evidence had been presented and, therefore, a judgment of acquittal pursuant to Crim.R. 29 was improper. Appellant's first assignment of error is sustained.
Appellant argues in its second assignment of error that the trial court erred when it found that Franklin County is not a proper venue for the present case. Appellant claims the special venue provisions of R.C.2901.12(C) apply because it permits an offender to be tried in any jurisdiction from which the property was taken.
Section 10, Article I, Ohio Constitution provides that a person accused of a crime shall be tried "by an impartial jury of the county in which the offense is alleged to have been committed." R.C. 2901.12 states in part:
 (A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed.
* * *
 (C) When the offense involved the unlawful taking or receiving of property or the unlawful taking or enticing of another, the offender may be tried in any jurisdiction from which or into which the property or victim was taken, received, or enticed.
* * *
 (G) When it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any of those jurisdictions.
 (H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. * * *
* * *
 (K) Notwithstanding any other requirement for the place of trial, venue may be changed, upon motion of the prosecution, the defense, or the court, to any court having jurisdiction of the subject matter outside the county in which trial otherwise would be held, when it appears that a fair and impartial trial cannot be held in the jurisdiction in which trial otherwise would be held, or when it appears that trial should be held in another jurisdiction for the convenience of the parties and in the interests of justice.
Venue is not a material element of any crime, but is a fact that must be proven beyond a reasonable doubt unless the defendant waives it. State v. Brothers (Dec. 14, 2001), Trumbull App. No. 2000-T-0085, unreported. Since venue is neither a jurisdictional nor a material element of a criminal offense, the indictment is only required to contain an allegation that the offense was committed within the jurisdiction of the court. State v. Henderson (Sept. 29, 2000), Trumbull App. No. 99-T-0001, unreported. "Because venue is not an element of the offense, the indictment need only state in general terms that the court has jurisdiction of the subject matter and that the offense was committed in the territory encompassed by the court." State v. Bragg (Sept. 5, 1996), Cuyahoga App. No. 70461, unreported. See, also, State v. Wilcox (Dec. 20, 1996), Trumbull App. No. 96-T-5441, unreported, following Knight v. State (1896), 54 Ohio St. 365, 375. However, a defendant's conviction may be reversed on appeal if the defendant objected during the trial and insufficient evidence was presented supporting venue in the trial court during the defendant's trial. State v. Shaw (1999),134 Ohio App.3d 316, 319-320.
In the present case, appellee was accused of workers' compensation fraud, a violation of R.C. 2913.48, which states:
 (A) No person, with purpose to defraud or knowing that the person is facilitating a fraud shall do any of the following:
 (1) Receive workers' compensation benefits to which the person is not entitled;
 (2) Make or present or cause to be made or presented a false or misleading statement with the purpose to secure payment for goods or services rendered under Chapter 4121., 4123., 4127., or 4131. of the Revised Code or to secure workers' compensation benefits;
 (3) Alter, falsify, destroy, conceal, or remove any record or document that is necessary to fully establish the validity of any claim filed with, or necessary to establish the nature and validity of all goods and services for which reimbursement or payment was received or is requested from, the bureau of workers' compensation, or a self-insuring employer under Chapter 4121., 4123., 4127., or 4131. of the Revised Code;
 (4) Enter into an agreement or conspiracy to defraud the bureau or a self-insuring employer by making or presenting or causing to be made or presented a false claim for workers' compensation benefits.
A review of the indictment shows that part of the offense occurred "in Franklin County, Ohio." Therefore, we find the indictment contained a sufficient allegation the offense was committed within the geographical jurisdiction of the court such that dismissal based upon venue was improper. Appellant's second assignment of error is sustained.
Having sustained appellant's first and second assignments of error, the judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings consistent with this decision. Double jeopardy has not attached in the present case because "jeopardy does not attach in a criminal bench trial until the court begins to hear evidence." FOE Aerie 2347 v. Ohio Liquor Control Comm. (Dec. 27, 2001), Franklin App. No. 01AP-675, unreported.
Judgment reversed and case remanded.
DESHLER and BOWMAN, JJ., concur.