**[Cite as *Electronic Classroom of Tomorrow v. Ohio State Bd. of Edn.*, 2019-Ohio-5272.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Electronic Classroom of Tomorrow,       :

        Appellant-Appellant,       :       No. 17AP-767
                            (C.P.C. No. 17CV-5773)

v.       :

                            (ACCELERATED CALENDAR)

Ohio State Board of Education et al.,       :

        Appellees-Appellees.       :

JOURNAL ENTRY

The application of appellant, Electronic Classroom of Tomorrow, for en banc consideration pursuant to App.R. 26(A)(2) is denied for lack of a conflict.

KLATT, P.J., BROWN, DORRIAN,
LUPER SCHUSTER, &
BEATTY BLUNT, JJ., concur.
BRUNNER, J., dissents.
SADLER & NELSON, JJ., not participating.

_____
Presiding Judge William A. Klatt

_____
Judge Susan Brown

_____
Judge Julia L. Dorrian

_____
Judge Betsy Luper Schuster

_____
Judge Laurel Beatty Blunt

BRUNNER, J., dissenting.

{¶ 1} I respectfully dissent from the decision of the majority on both motions submitted to this Court by appellant, Electronic Classroom of Tomorrow ("ECOT"), one for reconsideration of the Court's reconsidered decision of April 25, 2019, and the second for en banc consideration of this matter, for which the majority of this Court has found that no conflict exists pursuant to App.R. 26(A)(2).

{¶ 2} The same panel of this Court that decided ECOT's original appeal granted the Ohio State Board of Education, et al.'s ("Board") reconsideration of it on April 25, 2019. More simply put, a 2-1 decision by the same three-judge panel "flipped" to a different 2-1 decision based on an undefined "obvious error" of law, that to my view was no more than the changing of one panel member's mind. That is not the standard for what is "obvious error" and worse yet, because we have two lines of cases in this district for what obvious error is, the entire court should consider the question.

{¶ 3} I find that we should reconsider as a court en banc our April 25, 2019 reconsidered decision, not only because conflicting decisions of the same panel tend not to promote consistency and reliability of decisions of this Court, but also because I find that the standard of review for App.R. 26 motions for reconsideration has been decided by this Court based on two standards since 2014. And the standard adopted by the majority in denying this most recent motion for reconsideration is precisely why no reconsideration should have taken place. A single judge on the same panel at differing times on the same case has effectively found both decisions as being supportable "under the law." According to our own caselaw since 2014, but not used by this panel, this is not obvious error, and no reconsideration should have taken place on April 25, 2019, nor should it now.

{¶ 4} To elucidate, the new majority in the April 25, 2019 decision granting the Board's motion for reconsideration relied on *Matthews v. Matthews*, 5 Ohio App.3d 140, 143 (10th Dist.1982), in determining what is "obvious error":

> App. R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for

our consideration that was either not considered at all or was
not fully considered by us when it should have been.

{¶ 5} Yet, there exists in this district the following language in a 2014 opinion of this Court, actually *defining* what is "obvious error":

" 'App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error **or renders an unsupportable decision under the law**.' "

(Emphasis added.) *State v. Harris*, 10th Dist. No. 13AP-1014, 2014-Ohio-672, ¶ 8, quoting *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 10th Dist. No. 03AP-269, 2004-Ohio-2715, ¶ 2, quoting *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). This phrase, "unsupportable decision under the law," has been used numerous times by our court (*e.g.*, *State v. Stewart*, 10th Dist. No. 11AP-787, 2013-Ohio-78, ¶ 3) and in other districts, especially the 7th, 11th, and 2nd Districts. But since that time, and even now, we have ignored the *Harris* definition of "obvious error" (unsupportable decision under the law) and instead relied on *Matthews*, even in decisions on reconsideration we have issued as recently as this year. *See, e.g., Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 17AP-684, 2019-Ohio-1069, ¶ 2; *State v. Armengau*, 10th Dist. No. 18AP-276, 2019-Ohio-1010, ¶ 16, fn. 4. Since *Harris*, there exist two standards of review in this district for what is meant by "obvious error" concerning App.R. 26 motions for reconsideration, with panels seeming to pick and choose which standard they will observe (one of which is basically no standard, *Matthews*). And while much of this may be unfortunate and inadvertent, by not resolving and clarifying what *is* the standard for reconsideration, we hazard the public view that our decisions appear arbitrary.

{¶ 6} Thus, I find we should grant reconsideration of our reconsidered decision, because the panel chose to rely on the undefined "obvious error" standard of review of *Matthews* when the same panel member found that both decisions at one time or another were supported under the law and thus not amenable to reconsideration under the *Harris* standard of review.

{¶ 7} This also points to why en banc review is appropriate: with en banc consideration we may avoid creating a clear potential for risk of confusion under the rules and cases providing for en banc consideration. Moreover, what is "obvious error" is a

purely legal question that we can and should resolve once and for all for the benefit of the parties to this appeal, the legal community, and for the public.

{¶ 8}    Accordingly, we should reconsider our "reconsidered" decision and consider ECOT's appeal en banc.  This matter concerns the finality of state administrative appeals from the decisions of the Board and affects not only the matter of the education of the children of this State but also due process afforded all Ohio citizens who seek appellate redress of their grievances against the government.  I respectfully dissent from the decisions of the majority in denying ECOT reconsideration of our April 25, 2019 decision and in denying en banc review in this appeal.

_____